HATTIE J. SMITH *vs.* JOSHUA B. ALLEN.

Knox. Opinion December 6, 1887.

*Costs. Second action for same cause. Practice. R. S., c. 82, § 124.*

Revised Statutes, c. 82, § 124, providing that, when costs have been allowed against a plaintiff on nonsuit or discontinuance and a second suit has been brought for the same cause before the payment of such costs, proceedings in such second suit shall be stayed until such payment, should be interpreted liberally in behalf of defendants,

It is enough that the plaintiff has so brought his second suit that the cause of action first relied on may be relied on again.

ON exceptions.

This is a writ of entry for the recovery of certain real estate situate in Cushing, entered at the March term, 1886. The defendant at the next September term moved that the action be dismissed unless the costs be paid of another suit which he alleged to be for the same cause of action, previously brought, and entered in this court. The two writs are of identical forms except as to date and term of court.

The previous suit was a writ of entry by the same plaintiff against the same defendant to recover the same premises, entered at the March term, 1885, and continued to the December term, 1885, at which term the plaintiff became nonsuit.

At the hearing upon defendant's motion the plaintiff alleged and the defendant admitted that at the bringing of the first suit, and during its pendency, the plaintiff's sole claim to recover was by reason of the alleged insanity of defendant's alleged grantor, whose sole heir the plaintiff was. After the first suit was dismissed, and before the commencement of this action, the plaintiff became the owner of a certain mortgage given by the grantor to one Samuel B. Flint, covering the demanded premises, and brought her present suit to recover possession of the premises, and the plaintiff offered to be confined in her proof to the mortgage, and not the insanity proposition.

The presiding judge ruled that the two suits were for the same cause of action, and fixed a time when the previous costs must be paid, to all of which rulings the plaintiff duly excepted. And the costs not being paid at the time fixed by the court, the presiding judge ordered the second suit to be dismissed; to which order and ruling the plaintiff duly excepted.

*A. P. Gould*, for the plaintiff.

The present suit is not for the same identical cause, and R. S., c. 82, § 124, does not apply.

The form of writ in this case is not the test in determining whether the cause of action in both suits was the same. The true test is the character of the judgments sought to be recovered. This form of writ is expressly authorized by our statutes, in two

different causes of action, where the purpose of the suits, and the results sought are very different.

Revised Statutes, c. 104, § 1, provides that "any estate of freehold in fee simple, fee tail, for life, or any term of years, may be recovered by writ of entry." Section 2 provides that the demandant shall declare on his own seizin. The purpose and effect of such action is to test the plaintiff's title to the premises. He declares for an unconditional fee.

Revised Statutes, c. 90, § 8, provides that "the mortgagee, in an action for possession, may declare on his own seizin, in a writ of entry, without naming the mortgage, or assignment, and if it appears on default, demurrer, verdict, or otherwise, that the plaintiff is entitled to possession, and that the condition had been broken, when the action was commenced, the court shall award the conditional judgment." By § 9, the conditional judgment shall be, that "if the mortgagor," etc., "pays the sum that the court adjudges to be due and payable, with interest, within two months from the time of judgment . . . no writ of possession shall issue, and the mortgage shall be void."

In *Howard* v. *Kimball*, 65 Maine, 308, motion was made, as is in this case, to stay proceedings until judgment for costs in a former suit was paid. To determine whether the motion should be granted, the court make the question to depend on whether the former action would be a bar to the second, and say on page 330, "to ascertain whether a former judgment is a bar to present litigation, the true criterion is found in the answer to the question, was the same vital point put directly in issue and determined?" And on page 331 they hold that the motion was rightfully overruled, because the first suit was not identical with the second.

*C. E. Littlefield*, for the defendant, cited : *Warren* v. *Homested*, 32 Maine, 37 ; *Morse* v. *Mayberry*, 48 Maine, 162.

PETERS, C. J. The Revised Statutes, c. 82, § 124, provide that, "when costs have been allowed against a plaintiff on nonsuit or discontinuance, and a second suit has been brought for the same cause before the costs of the former suit are paid, further proceedings shall be stayed until such costs are paid." We think

this statute should be interpreted liberally in behalf of defendants. It imposes no unreasonable burden on a plaintiff, to require him to pay costs which he has put upon a defendant without cause, before he can proceed again.

The question here is, whether the defendant has been twice sued for the same cause. If we are governed by the record, he certainly has been. The declarations are precisely alike. It matters not that the plaintiff may have in the second suit more or better evidence of her claim than she had in the first, or that she could not maintain her first suit, but can maintain the second. The statutory requirement is not founded on the theory that the plaintiff has as good grounds for sustaining one suit as the other. The presumption is that she discontinues her suit for the reason that she may improve her chances of success by a later proceeding. But the defendant should not be perplexed by the plaintiff's experiments without some amends for the annoyance which is thereby inflicted on him.

The result must be the same in the present case, if we look beyond the literal record and consider the admissions and evidence accompanying the papers.

It appears that, during the pendency of the first suit, the plaintiff's sole claim to recover the land was by reason of the alleged insanity of the defendant's grantor, the plaintiff being the sole heir of such grantor, and that, since the first suit was discontinued and before the second was commenced, she purchased a mortgage subsisting on the premises, under which she now claims to recover, the mortgage being a better title than the deed under which the defendant claims. But there is no notice in the writ or declaration that the plaintiff's claim will be limited to the mortgage right, or be based upon it in any way. The plaintiff merely offers, at the hearing of defendant's motion to dismiss the second suit, that she would be " confined in her proof to the mortgage, and not the insanity proposition."

The offer came too late. The defendant should not be required to wait until a trial be had to ascertain what proof or cause of action the plaintiff will rely on. It is enough that the plaintiff has so brought her suit that the cause of action first relied on

may be relied on again,— that the declaration just as much embraces it in the second as in the first suit. The plaintiff does not necessarily abandon one ground for recovery because she has another. Her claim is for possession of the premises in dispute, and she is not precluded from relying upon any legal evidence which will show that she is entitled to possession. The statutory requirement, which we are discussing, applies, although a new and additional cause of action is embraced in the second writ. *Morse* v. *Mayberry*, 48 Maine, 161.

In the present instance, the test is to be found in the writ and declaration, and not in the evidence to be offered to sustain the action.

*Exceptions overruled.*

WALTON, VIRGIN, LIBBEY, FOSTER and HASKELL, JJ., concurred.